HAMILTON, Circuit Judge,
concurring.
While I dissented in United States v. Hurlburt, No. 14-3611, 835 F.3d 715 (7th Cir. 2016) (en banc), it is now the law of the circuit. As Judge Sykes explains, it requires a remand in this case for re-sentencing. On remand, however, the district judge will have the power and the right to impose the same sentence she did in the first place. See Hurlburt, 835 F.3d at 728-29 (Hamilton, J., dissenting). The advice from the Sentencing Guidelines will be different on remand, but that should not necessarily change the judge’s assessment of the relevant sentencing factors under 18 U.S.C. § 3553(a). In particular, the criminal history provisions in the Guidelines have always been somewhat arbitrary. (For example, a defendant receives the same three points for a bar fight that produced a fourteen-month sentence and a first-degree murder conviction. See U.S.S.G. § 4A1.1.) That’s why the Guidelines have always encouraged departures on the basis that a defendant’s guideline calculation of criminal history is under- or over-representative. U.S.S.G. § 4A1.3. On remand, the judge needs to exercise her judgment under § 3553(a).